**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
NICHOLAS PAPPAS,                    :
                                    :   Civil Action No. 10-3327 (RBK)
            Plaintiff,              :
                                    :
       v.                           :   **O P I N I O N**
                                    :
LEONARD ZACAMY, et al.,             :
                                    :
            Defendants.             :
_____ :

**APPEARANCES:**

Nicholas Pappas, Pro Se
#549894/512524D
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Anne E. Walters, Esq.
Shimberg & Friel
20 Brace Road, Suite 350
Cherry Hill, NJ 08034
Attorney for Defendant Robert Kraft

**KUGLER, District Judge**

   Plaintiff, Nicholas Pappas, currently incarcerated at the New Jersey State Prison, Trenton, New Jersey, filed a complaint under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by engaging in excessive force during the course of his arrest.

   Defendant Robert Kraft was served with the complaint on January 4, 2011 (see docket entry 14). On February 8, 2011, counsel for defendant Kraft filed a motion to dismiss the

complaint as to defendant Kraft, in lieu of an answer, which remains pending (docket entry 21).  Plaintiff has not opposed the motion.  The Court has reviewed defendant Kraft's submission and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the following reasons, the motion will be denied.

## BACKGROUND

The following facts are taken from Plaintiff's complaint.  Plaintiff states:

> On July 15th, 2008, I, Nicholas Pappas, was involved in a brief car pursuit by patrolman Leonard Zacamy of the Haddon Twp PD and Robert Kraft of the Gloucester City PD.
>
> This pursuit ended on the same block in which it began, after I lost control of the car I was driving and hit a bus.  I could not exit through the driver's side door and so I climbed out of the sun-roof of the vehicle.  Once I was out of the vehicle and on the ground, I responded to an order by Patrolman Zacamy to raise my hands in the air.  I was directly in front of the bus I hit and went no further.  By now, Patrolman Robert Kraft was assisting Zacamy.  I complied by raising my hands and awaiting further orders.  Zacamy then came up behind me and choked me, punched me, and slammed me into the concrete, even though I did not resist in any way.  Zacamy punched me repeatedly in my face and would not stop.  The only move I made was to put my hands to protect my bleeding face.  Zacamy cuffed my hands behind my back and even after that continued to beat me.  The bus driver, along with several passengers were yelling at Zacamy to stop.  Officer Kraft made no moves to make Zacamy stop.  Zacamy charged me with resisting arrest to justify beating me.  Zacamy and Kraft also stated in their reports that I ran from them, But I was apprehended 5 feet away from the vehicle I was driving, in front of the bus I hit (the vehicle hit the front side tire of

> the bus). Zacamy beat me so bad that he himself had to get medical treatment for his hands.
>
> Zacamy also stated that I was throwing packets of drugs during the foot pursuit, when in fact the drugs were found on my person in my cigarette pack, and 1 inside the vehicle I was driving. Zacamy has caused me nerve damage and loss of feeling in my face, and thousands of dollars worth of hospital bills for past and present treatments.

See Complaint, ¶ 10. Besides charging defendant Kraft with violating his constitutional rights with regard to the pursuit and alleged beating, Plaintiff also accuses defendant Kraft of "failing to admit pertinent details of apprehension conduct of Officer Zacamy (ASSAULT) failing to complete truthful reports of apprehension methods." See Complaint, ¶ 4(c). Plaintiff asks for monetary and other relief. See Complaint, ¶ 13.

## DISCUSSION

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual

matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making that determination, a court must conduct a two-part analysis. See Ashcroft v. Iqbal, --- U.S. ----, ---- -----, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. See Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

**B.   42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

4

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Analysis**

A claim of excessive force by law enforcement officials in the course of an arrest, investigatory stop, or other seizure of a free citizen is analyzed under the Fourth Amendment's reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 395 (1989); Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997); United States v. Johnstone, 107 F.3d 200, 204 (3d Cir. 1997). The reasonableness inquiry is an objective one:  "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham, 490 U.S. at 397; see also Mosley v. Wilson, 102 F.3d 85, 94 (3d Cir. 1996); Baker v. Monroe Tp., 50 F.3d 1186, 1193 (3d Cir. 1995).

It "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

Furthermore, a police officer may be liable under section 1983 for violating an individual's Eighth Amendment rights if the officer fails to intervene and take reasonable steps when an individual is subjected to excessive force at the hands of another officer, even if that officer is a superior. See Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002)(citing Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986)(other citations omitted)).  However, the officer must have a "realistic and reasonable opportunity to intervene." Id. at 651 (citing Clark, 783 F.2d at 1007 (instructing the district court upon remand to determine whether the officer was in a position to intervene); Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972)(liability for failure to intervene exists only if the beating occurred in the officer's presence or was otherwise within his knowledge); Putman v. Gerloff, 639 F.2d 415, 423-24 (8th Cir. 1981)(liability exists only if the non-intervening officer saw the beating or had time to reach the offending officer)).

Here, Defendant Kraft argues that the complaint should be dismissed because Plaintiff has failed to state a claim upon which relief may be granted, or because defendant Kraft is entitled to qualified immunity for his actions.  Defendant Kraft cites the police reports attached to Plaintiff's complaint for the proposition that "the actions of the police officers were reasonable because the Plaintiff actively resisted arrest and/or attempted to evade arrest by running."  (Brief, p. 7).  Defendant argues that "there is no evidence whatsoever that Defendant violated any of Plaintiff's rights.  Defendant Kraft pursued the Plaintiff's vehicle and assisted with his arrest.  Defendant Zacamy's Report states that the Plaintiff fled on foot after striking two vehicles.  Accordingly, Plaintiff's civil rights claim must fail."  (Brief, p. 8).

This Court disagrees.  At this stage of litigation, where discovery has not been conducted and where Plaintiff's complaint disputes the statements made in the police report, dismissal is not proper.  The argument that Kraft pursued the vehicle and assisted with the arrest may be accurate.  Nonetheless, Plaintiff's claim is that Defendant Kraft stood by and watched as Defendant Zacamy assaulted him.  Whether or not Plaintiff fled is a matter for discovery, which Plaintiff's complaint disputes.  Plaintiff states in his complaint that he did not flee, and that the reports are inaccurate.  Thus, whether or not the actions of

7

the officers were "reasonable" in order to justify the force used, or warrant qualified immunity, cannot be determined from the complaint.  Nor can the issue of whether Officer Kraft failed to intervene be determined at this stage in litigation.

This Court finds that Plaintiff has stated enough facts to withstand the motion to dismiss.  Under Iqbal, Plaintiff has pled factual allegations sufficient to show that the plaintiff has a "plausible claim for relief."

## CONCLUSION

For the foregoing reasons, Defendant Kraft's motion to dismiss is denied and Defendant Kraft will be ordered to answer the allegations of the complaint.  An appropriate Order accompanies this Opinion.

                                          s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge

Dated: September 28, 2011